IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| CINDY T.,[1] | Case No. 6:15-cv-00284-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Cindy T.'s ("Plaintiff") application pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees she incurred in litigating her case. The Commissioner of the Social Security Administration ("Commissioner") opposes Plaintiff's application, on the ground that the Commissioner's position was "substantially justified," a finding which would preclude a fee award under the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

EAJA. See *Decker v. Berryhill*, 856 F.3d 659, 661 (9th Cir. 2017); 28 U.S.C. § 2412(d)(1)(A). For the reasons explained below, the Court grants Plaintiff's application for EAJA fees.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. She alleged that her ability to work was limited by a variety of ailments, including bipolar disorder, posttraumatic stress disorder ("PTSD"), anxiety, back pain, and sciatic nerve pain. An Administrative Law Judge ("ALJ") concluded that Plaintiff had the residential functional capacity ("RFC") to perform a modified version of sedentary work, and that there were jobs existing in sufficient numbers in the national economy that Plaintiff could perform. The ALJ therefore concluded that Plaintiff was not disabled and denied her applications for benefits.

After the Social Security Appeals Council denied Plaintiff's petition for review, thereby making the ALJ's decision the Commissioner's final decision, Plaintiff timely appealed to federal court. On appeal, Plaintiff argued that the ALJ erred by failing to: (1) offer clear and convincing reasons for discounting Plaintiff's testimony; (2) give germane reasons for rejecting lay witness testimony provided by Plaintiff's friends; (3) include bipolar disorder and PTSD as severe impairments at step two of the five-step disability analysis; (4) conclude at step three that Plaintiff was presumptively disabled under listings 12.04 and 12.06; and (5) fully and fairly develop the record.

In an Opinion and Order dated May 24, 2016, this Court determined that the ALJ's decision was free of harmful legal error and supported by substantial evidence (i.e., more than a scintilla but less than a preponderance). As a result, the Court affirmed the Commissioner's denial of benefits.

In an unpublished opinion filed on May 1, 2018, a three-judge panel of the Ninth Circuit reviewed this Court's Opinion and Order *de novo* and reversed and remanded the Commissioner's decision for further administrative proceedings. In so holding, the Ninth Circuit concluded that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony, noting that: (1) three of the reasons provided by the ALJ were erroneous (i.e., Plaintiff's limited medical treatment, medical noncompliance, and testimony concerning her daily activities), (2) one of the reasons advanced by the Commissioner was not supported by the record (i.e., the ALJ found Plaintiff not credible based on her application for unemployment benefits),[2] and thus (3) even assuming Plaintiff's testimony was not supported by the objective medical evidence, the ALJ could not properly rely on that as the sole reason to discredit Plaintiff's testimony. The Ninth Circuit held that the ALJ did not have a duty to further develop the record concerning Plaintiff's mental limitations, that any error at step two was harmless because the ALJ considered Plaintiff's bipolar-related limitations in determining Plaintiff's RFC, and that Plaintiff waived any challenge to the ALJ's treatment of the lay evidence provided by her friends by failing to argue that issue with any specificity in her appellate brief.

On August 29, 2018, this Court vacated its Opinion and Order and entered judgment remanding Plaintiff's case to the ALJ for further administrative proceedings. Plaintiff filed a motion for EAJA attorney's fees, which the Commissioner opposed.

///

///

---

[2] In concluding that the ALJ provided sufficient reasons for discounting Plaintiff's testimony, this Court also cited Plaintiff's application for unemployment benefits, based on the ALJ's observation that Plaintiff "received Unemployment Compensation benefits throughout 2011 and into 2012; however, she asserted she did not feel ready, willing and able to work during that time, even though this was a requirement in order to receive those financial benefits." (Tr. 18.)

PAGE 3 – OPINION AND ORDER

# ANALYSIS

## I. LEGAL STANDARDS

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "When the Commissioner seeks to avoid paying attorney fees for a prevailing party in a Social Security case, it is the Commissioner's burden to 'show[ ] that her position with respect to the issue on which the court based its remand was 'substantially justified.'" *Decker*, 856 F.3d at 664 (quoting *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). "Substantially justified" means that the Commissioner's position had a "reasonable basis both in law and fact," and was "justified to a degree that could satisfy a reasonable person." *Id.* (citation and quotation marks omitted).

## II. DISCUSSION

The Commissioner opposes Plaintiff's motion for EAJA fees, arguing that her position was substantially justified. In support of her argument, the Commissioner notes that she prevailed on several issues at the district court and appellate levels, and states that although the Ninth Circuit held that the ALJ failed to provide sufficient reasons for discounting Plaintiff's testimony, "a reasonable person, *i.e.*, this Court," could think that the Commissioner's position was correct, and in turn conclude that Commissioner's position was substantially justified. (Def.'s Resp. at 3-4.)

The fact that this Court agreed with the Commissioner does not establish that the Commissioner's position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 569 (1998) ("[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."); *see also Aranda v. Astrue*, No. 08-

340-MA, 2011 WL 2413996, at *3 (D. Or. June 8, 2011) ("[T]he fact that another court agreed or disagreed with the Commissioner does not establish whether the government's position was substantially justified.") (citing *Pierce*, 487 U.S. at 569). It is, however, appropriate to *consider* the opinions of other judges in deciding whether to grant or deny a motion for EAJA fees. *See Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002) (noting that "the Supreme Court [in *Pierce*] did not hold that it is improper for a court to consider the opinions of other judges") (citation omitted).

Although this Court affirmed the ALJ's decision, three judges from the Ninth Circuit applied their own precedent and held that the ALJ's decision was not supported by substantial evidence because the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony. The Ninth Circuit also held that a remand for further proceedings was proper "because outstanding issues in the record remain[ed] that must be resolved before a determination of disability can be made, including further developing the record regarding [Plaintiff's] social limitations and weighing [Plaintiff's] testimony with the other evidence." *Taylor v. Berryhill*, 720 F. App'x 906, 907 (9th Cir. 2018) (citation omitted). In the Court's view, the Ninth Circuit's opinion suggests that remand was a foregone conclusion, which supports granting Plaintiff's motion for EAJA fees. *Compare Gardner v. Berryhill*, 856 F.3d 652, 658-59 (9th Cir. 2017) (concluding that the Commissioner's opposition to remand on the merits was unreasonable because remand was a "foregone conclusion," and therefore reversing the district court's denial of EAJA fees), *with Decker*, 856 F.3d at 665 (affirming the district court's denial of an EAJA fee motion where remand "was not inevitable" or "the only reasonable result").

Although the Ninth Circuit "has never stated that *every* time [they] reverse[] and remand[] the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees," *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013), the Ninth Circuit has stated that it "'will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in substantial evidence in the record.'" *Decker*, 856 F.3d at 664 (ellipses omitted) (quoting *Campbell*, 736 F.3d at 869)). This case was not a "decidedly unusual" case. *See Hartmann v. Colvin*, No. 12-cv-03072, 2016 WL 9049314, at *1 (E.D. Wash. Oct. 26, 2016) ("This is not a 'decidedly unusual' case. Credibility determinations, especially as to the claimant, are integral to deciding social security cases. Here, according to the Ninth Circuit's memorandum decision, the ALJ's adverse credibility findings regarding [the claimant] lacked substantial evidence, meaning those findings lacked such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Given such a lack of evidence, this Court cannot find the ALJ's credibility determinations had a reasonable basis both in law and fact.") (citation and quotation marks omitted).

In light of the Ninth Circuit's opinion, the Court concludes that the Commissioner's position was not substantially justified, and that Plaintiff is entitled to an award of EAJA fees.[3]

///

///

///

---

[3] The Commissioner does not challenge the reasonableness of Plaintiff's request for $16,395.86 in EAJA fees, which compensates counsel for 84.3 hours of work. The Court has also independently reviewed Plaintiff's fee request and finds it to be reasonable. *See generally Woll v. Comm'r Soc. Sec. Admin.*, No. 3:13-01877-MA, 2015 WL 3562191, at *1 (D. Or. June 5, 2015) ("The court has an independent duty to review the fee request to determine its reasonableness.").

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's application for EAJA attorney's fees (ECF No. 29), and awards attorney's fees in the amount of $16,395.86.

**IT IS SO ORDERED.**

DATED this 26th day of October, 2018.

_____
STACIE F. BECKERMAN
United States Magistrate Judge